UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CMC COMETALS, A DIVISION OF **COMMERCIAL METALS COMPANY** | CIVIL ACTION |
| VERSUS | NO.   13-4909 |
| COASTAL CARGO COMPANY, INC. | SECTION: "C" (5) |

## ORDER AND REASONS

Before this Court is a Motion to Dismiss Third Party Claims against the M/V MANDARIN

CHINA and Dasin Shipping PTE, Ltd. brought by Dasin Shipping PTE, Ltd.[1] (Dasin Shipping). Rec.

Doc. 23. Having considered the memoranda of counsel, the record  and the applicable law, the Court

has determined that the motion to dismiss is GRANTED in part and DENIED in part for the

following reasons. Also before this Court is a Motion to Strike Portion of Proposed Reply

Memorandum in Support of Motion to Dismiss Third-Party Complaint brought by Coastal Cargo

Company, Inc. (Coastal Cargo). Rec. Doc. 27. Having considered the memoranda of counsel, the

record and the applicable law, the Court has determined that the motion to strike portion of reply

memorandum is GRANTED.

## BACKGROUND

This matter originates from the alleged damage to a cargo of tabular alumina and ferro

---

[1] The motion to dismiss was joined by the M/V MANDARIN CHINA. For purposes of succinctness the Court will refer to the motion as having been brought by Dasin Shipping, but recognizes that this additional party joined in the motion.

phosphorus owned by CMC Cometals (CMC) and transported from the port of Xingang, China to New Orleans, Louisiana aboard the M/V Mandarin China. Rec. Doc. 1. The defendant stevedoring company, Coastal Cargo, discharged the cargo in New Orleans on June 25, 2012. *Id*. at 2. The original plaintiff, CMC, filed suit against Coastal Cargo on June 25, 2013, exactly one year after the cargo was discharged. *Id.* CMC alleges in their original complaint that Coastal Cargo's negligence while discharging the vessel resulted in damage to the cargo. *Id*. CMC also alleges a breach of maritime contract. *Id*. at 3. On September 7, 2013, Coastal Cargo filed a motion for leave to file a third party complaint pursuant to Rule 14 (c) of the Federal Rules of Civil Procedure against Dasin Shipping and the M/V MANDARIN CHINA. Rec. Docs. 13 and 13-3. This Court granted the motion for leave on September 10, 2013. Rec. Doc. 14.

## 1. COASTAL CARGO'S THIRD PARTY CLAIMS

In their motion to dismiss third party claims, Dasin Shipping alleges that Coastal Cargo's third-party claims are time-barred by the Carriage of Goods by Sea Act, 46 U.S.C. §1300 *et seq*. (COGSA). Rec. Doc. 23. Under COGSA section 1303(6), the statute of limitations for such a lawsuit is "one year after delivery of the goods or the date when the goods should have been delivered." *Mikinberg v. Baltic S.S. Co.,* 988 F.2d 327, 330 (2d Cir.1993). Coastal Cargo's third party claims can be broken into two categories. Rec. Doc. 24. The first category is Coastal Cargo's Rule 14(c) tender of Dasin Shipping. *Id*. The second category is Coastal Cargo's direct claims of negligence, indemnity and contribution against Dasin Shipping. *Id*.

**A**. *Rule 14 (c) Tender*

Coastal Cargo's Rule 14(c) motion tendered Dasin Shipping and the M/V MANDARIN CHINA as direct defendants. Rec. Doc. 13. Rule 14(c) provides:

> Admiralty and Maritime Claims. When a plaintiff asserts an admiralty or maritime claim within the meaning of Rule 9(h), the defendant or claimant, as a third-party plaintiff, may bring in a third-party defendant who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences. In such a case the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff, in which event the third-party defendant shall make any defenses to the claim of the plaintiff as well as to that of the third-party plaintiff in the manner provided in Rule 12 and the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff.

Fed.R.Civ.P. 14(c). To decide if the Rule 14(c) tender is proper, the key issue is whether Coastal Cargo can proceed against the third party defendants despite the expiration of the one-year statute of limitations period. Rule 15(c) of the Federal Rules of Civil Procedure provides that an amendment that changes the party against whom a claim is asserted against relates back to the date of the original pleading if two conditions are satisfied. Fed.R.Civ.P. 15(c).  First, the amendment must arise out of the conduct, transaction or occurrence set forth in the original pleading. *Id*. Second, the amendment must occur within the period provided by law for commencing an action against that party. *Id*. Since the period provided by law is the one-year statute of limitations under COGSA, the Rule 14(c) tender is not proper because the statute of limitations has already run. Furthermore, a  plaintiff cannot use Rule 15(c) to overcome the statute of limitations. *Marubeni American Corp. v. M/V OHFU*, 1996 WL 84485, 3 (S.D.N.Y. 1996).

Coastal Cargo asserts that their demand for arbitration interrupted the COGSA one-year statute of limitations. Rec. Doc. 24 at 6. However, a demand for arbitration does not interrupt the statute of limitations for COGSA purposes. *BS Sun Shipping Monrovia v. Citgo Petroleum Corp.*, 509 F. Supp.2d 334, 349 (S.D.N.Y. 2007). Therefore, Coastal Cargo's Rule 14(c) tender

of Dasin Shipping is time barred by COGSA.

**B**. *Claims of negligence, indemnity and contribution*

In addition to the Rule 14(c) tender of Dasin Shipping, Coastal Cargo also filed third

party claims against Dasin Shipping for negligence, contribution and indemnity. Rec. Doc. 24 at

4. Coastal Cargo asserts that whatever rights it has against Dasin Shipping for negligence,

contribution and indemnity are not subject to the one-year statute of limitations under COGSA.

Rec. Doc. 24 at 5. Fifth Circuit precedent dictates that when a defendant has a claim against a

third-party defendant, such as a claim for indemnity or contribution, the "statute usually will not

commence to run against the defendant (third-party plaintiff) and in favor of the third-party

defendant until judgment has been entered against the defendant..." *Hercules, Inc. v. Stevens*

*Shipping Co.*, *Inc*., 629 F.2d 418, 423 (5th Cir. 1980). *See also ITT Rayonier, Inc. v.*

*Southeastern Maritime Co*., 620 F.2d 512 (5th Cir. 1980). Additionally, Dasin Shipping does not

argue that Coastal Cargo's claims for negligence, indemnity and contribution rise out of an

agreement subject to COGSA or for the dismissal of those claims. Therefore, Coastal Cargo is

still able to assert their negligence, indemnity and contribution claims in federal court, barring

other jurisdictional obstacles.

### 2. MOTION TO STRIKE PORTION OF PROPOSED REPLY MEMORANDUM

In their motion to strike, Coastal Cargo asserts that Dasin Shipping improperly raises an

objection to service of process in a reply memorandum. Rec. Doc. 27; Rec. Doc. 26-2. Well-

established precedent dictates that it is improper to raise entirely new objections in a reply

memorandum. *Mitsui & Co., Ltd. v. M/V Hermann Schulte,* 1996 WL 365660, at *3 (E.D.La.

July 1, 1996). Dasin Shipping argues that they "explicitly" raised the objection of insufficient

service of process in their original motion to dismiss. Rec. Doc. 34 at 1. Although Dasin

Shipping briefly mentions insufficiency of service of process in boilerplate language in their

motion to dismiss, they do not discuss the issue at any length. Rec. Doc. 23. Instead, they merely

reserve the right to the defense. *Id*. Because the issue is not formally before the Court, we find it

inappropriate to discuss at this time. *See Kenner City v. Nationwide Public Ins. Adjusters, Inc*.

2008 WL 2388380, at *3 (E.D.La. June 9,2008). Dasin Shipping should file the proper motion to

raise the objection of insufficiency of service of process so the parties can fully brief the issue.

Therefore, the Court strikes Argument II at page 3 of Dasin Shipping's proposed reply

memorandum. Rec. Doc. 26-2.


        Accordingly,

        IT IS ORDERED that the Motion to Dismiss Third Party Claims against the M/V

MANDARIN CHINA and Dasin Shipping is GRANTED in part and DENIED in part. Rec. Doc.

23. IT IS ALSO ORDERED that the Motion to Strike Portion of Proposed Reply Memorandum

in Support of Motion to Dismiss Third-Party Complaint is GRANTED. Rec. Doc. 27.


        New Orleans, Louisiana, this 14 day of  April , 2014.


                                                    _____
                                                    **UNITED STATES DISTRICT JUDGE**